# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. M. DANIELS, II, | CASE NO: 1:11-cv-1544-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE AS TO WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY RES JUDICATA AND FOR RULE 11(b)(3) VIOLATION |
| v. | |
| JONATHON RENSHAW, | (Doc. 1) |
| Defendants | |

## I. Procedural Background

L. M. Daniels, II ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 6, 2011. (Doc. 1). Upon review of the complaint, it appears to the Court that this action is substantively identical to a separate action that Plaintiff filed on April 12, 2010, *Daniels v. Piearcy, et al.*, 1:10-cv-00630-JLT, which was dismissed with prejudice on February 24, 2011, for failure to state a claim. Additionally, the Court observes that Plaintiff's complaint indicating that he has no history of prior litigation, contradicts court records demonstrating that he has filed actions prior to this one.

## II. Res Judicata

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court

is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055.

In Plaintiff's complaint he alleges that his parole officer, Defendant Jonathan Renshaw, has "intentionally perjured documents to the board of prison hearings, claiming that [Plaintiff] raped and sodomized a 14 year old girl." (Doc. 1 at 5). Plaintiff alleges that the conduct of Defendant Renshaw has made it difficult for Plaintiff to have a fair hearing, that Defendant Renshaw has repeatedly lied to Plaintiff concerning his conditions and had Plaintiff unlawfully arrested numerous times. (Doc. 1 at 5). Plaintiff further asserts that Defendant Renshaw has violated Plaintiff's civil rights by fraudulently labeling Plaintiff a child molester and caused Plaintiff to be classified as a "special needs" prisoner. (Doc. 1 at 5). Plaintiff also asserts that Defendant also fraudulently charged Plaintiff with assaulting a peace officer in the Fresno County Jail on July 24, 2011. (Doc. 1 at 5).

As relief Plaintiff seeks criminal charges or civil remedy against Defendant Renshaw to "ensure that his unprofessional . . . racially motivated behavior stops." (Doc. 1 at 6). Plaintiff seeks for Defendant Renshaw to no longer serve as his parole agent, that his supervisors be made aware of Defendant Renshaw's actions, and that Defendant Renshaw be demoted or terminated from his position.

Same as this case, *Daniels v. Piearcy, et al.*, 1:10-cv-00630, involved the falsification of reports by several defendants including Jonathan Renshaw which resulted in Plaintiff having parole terms imposed consistent with a conviction for child molestation. *Daniels v. Piearcy, et al.*, 1:10-cv-00630 (Doc. 9 at 3). As in this case, Plaintiff argued in *Daniels v. Piearcy*, that the false report resulted in an incorrect prison housing classification and that he is designated "special needs" as a result of the child molester label. *Daniels v. Piearcy, et al.*, 1:10-cv-00630 (Doc. 9 at 3).

In its February 24, 2011, dismissal order, the court in *Daniels v. Piearcy, et al.*, found that Plaintiff failed to state a claim based on the same facts asserted in this instant case. *Daniels v. Piearcy, et al.*, 1:10-cv-00630 (Doc. 9 at 3-4). Although Plaintiff changed the legal remedy he seeks

for Defendant Renshaw's alleged false child molestation reports, Plaintiff cannot now bring an action from the same conduct based on a different legal remedy. *See Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming trial court's res judicata finding where Plaintiff indicated no reason why he could not have raised the new legal theory in his prior actions). Additionally, the court in *Daniels v. Piearcy*, found that Plaintiff failed to state a claim regarding his prison classification. *Daniels v. Piearcy, et al.*, 1:10-cv-00630 (Doc. 9 at 4).

The Court concludes the case currently before this court stems from the claims which were previously litigated against Defendant Renshaw in *Daniels v. Piearcy, et al.*, 1:10-cv-00630. A prisoner's claims are considered frivolous if it "merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)). Therefore, the Court finds that this current case, *Daniels v. Renshaw*, 1:11-cv-01544-GBC, is bared by *res judicata* and was merely duplicative of the previously dismissed suit for failure to state a claim (*Daniels v. Piearcy, et al.*, 1:10-cv-00630). Thus, this action is also frivolous. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

**III. Rule 11(b)**

It appears to the Court that Plaintiff falsely states in his complaint that he has no previous or pending lawsuits in addition to this case. Rule 11(b) (3) states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3).

Contrary to Plaintiff's representation in his complaint, Plaintiff has filed three other civil

suits.[1] Plaintiff's Failure to provide information about previous lawsuits interferes with the court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings and threatens to interfere with rightful decision of case); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11). It is apparent from Plaintiff's history of repeatedly stating in his various actions that he has not filed any other litigation that his misrepresentation of prior cases filed in his complaint is repeated, willful and in bad faith. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is proceeding in forma pauperis, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

**IV.   Conclusion and Order**

Because it appears to the Court that the claims in *Daniels v. Piearcy, et al.*, involve the same transactional nucleus of facts and the same defendant as in this instant action, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the this action should not be dismissed on grounds of res judicata based on Plaintiff's prior case of *Daniels v. Piearcy, et al.*, 1:10-cv-00630; and

///
///
///
///
///

---

[1] *Daniels v. Piearcy, et al.*, 1:10-cv-00630-JLT; *Daniels v. Watson*, 1:09-cv-02033-MJS; and *Daniels v. Lopez, et al.*, 1:09-cv-01156-OWW-SMS.

2. and Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the false statement of prior litigation in Plaintiff's complaint does not violate Rule 11(b)(3) of the Federal Rules of Civil Procedure and why this action should not be dismissed without prejudice as the appropriate sanction for violating Rule 11(b)(3).

IT IS SO ORDERED.

Dated:   October 19, 2011

UNITED STATES MAGISTRATE JUDGE