# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. M. DANIELS, II,<br><br>    Plaintiff,<br><br>    v.<br><br>JONATHON RENSHAW,<br><br>    Defendants | CASE NO: 1:07-cv-01390-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED AS BARRED BY RES JUDICATA<br><br>(Doc. 1) |

**I.    Procedural Background**

L. M. Daniels, II ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on September 6, 2011.  Doc. 1.  On October 20, 2011, the Court issued an order to show cause as to why the action should not be dismissed on the grounds of *res judicata* and a rule 11(b)(3) violation for misrepresenting litigation history.[1]  Doc. 7.  On November 10, 2011, Plaintiff filed a response.  Doc. 8.

**II.    Res Judicata**

    **A.    Plaintiff's Response to the Order to Show Cause**

In his response to the Court's order to show cause, Plaintiff states that due to an accident, Plaintiff has one leg and one arm and is wheelchair-bound.  Doc. 8.  Plaintiff asserts that he takes pain medications and psychotropic drugs to deal with his psychiatric conditions.  Doc. 8.  Plaintiff

---

[1] Plaintiff asserts in his response to the order to show cause that the representation of prior case history was a mistake and due to his low level grade level score of 4.4. Given that the Court finds this action to be barred by *res judicata*, the Court need not address this matter.

1

asserts that since his accident he has been changed for life and is not a child molester and that all of his claims are factual. Doc. 8. Plaintiff concedes: "I did state similar situations, however, nothing is being done at all, over and over, I've been 'biased' against. There is total fact to my claim against Renshaw. All it would take is a few minutes to investigate. . . . I did not think that the dismissed case counted as a previous, [it was] simple human error." Doc. 8 at 1.

### B. Legal Standard

The doctrine of *res judicata* bars the re-litigation of claims previously decided on their merits. *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)). "[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of *res judicata*. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

### C. Analysis

Plaintiff alleges in his complaint that his parole officer, Defendant Jonathan Renshaw has "intentionally perjured documents to the board of prison hearings, claiming that [Plaintiff] raped and sodomized a 14 year old girl." Doc. 1 at 5. Plaintiff alleges that the conduct of Defendant Renshaw has made it difficult for Plaintiff to have a fair hearing, repeatedly lied to him concerning his conditions and had Plaintiff unlawfully arrested numerous times. Doc. 1 at 5. Plaintiff further

asserts that Defendant Renshaw has violated Plaintiff's civil rights by fraudulently labeling Plaintiff a child molester and caused Plaintiff to be classified as a "special needs" prisoner. Doc. 1 at 5. Plaintiff further asserts that Defendant also fraudulently charged Plaintiff with assaulting a police officer in the Fresno County Jail on July 24, 2011.

As relief Plaintiff seeks criminal charges or civil remedy against Defendant Renshaw to "ensure that his unprofessional . . . racially motivated behavior stops." Doc. 1 at 6. Plaintiff seeks for Defendant Renshaw to no longer serve as his parole agent, that his supervisors be made aware of Defendant Renshaw's actions, and that Defendant Renshaw be demoted or terminated from his position.

Same as this case, *Daniels v. Piearcy, et al.*, 1:10-cv-00630, involved the falsification of reports by several defendants including Jonathan Renshaw which resulted in Plaintiff having parole terms imposed consistent with a conviction for child molestation. *Daniels v. Piearcy, et al.*, 1:10-cv-00630 (Doc. 9 at 3). As in this case, Plaintiff argued in *Daniels v. Piearcy*, that the false report resulted in an incorrect prison housing classification and that he is designated "special needs" as a result of the child molester label. *Daniels v. Piearcy, et al.*, 1:10-cv-00630, Doc. 9 at 3.

In its February 24, 2011, dismissal order, the court in *Daniels v. Piearcy, et al.*, found that Plaintiff failed to state a claim based on the same facts asserted in this instant case. *Daniels v. Piearcy, et al.*, 1:10-cv-00630, Doc. 9 at 3-4. Although Plaintiff changed the legal remedy he seeks for Defendant Renshaw's alleged false child molestation reports, Plaintiff cannot now bring an action from the same conduct based on a different legal remedy. *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (affirming trial court's *res judicata* finding where Plaintiff indicated no reason why he could not have raised this legal theory in his prior actions). Additionally, the court in *Daniels v. Piearcy*, found that Plaintiff failed to state a claim regarding his prison classification. *Daniels v. Piearcy, et al.*, 1:10-cv-00630 (Doc. 9 at 4).

Plaintiff concedes that this case is similar and that he brought the case again because nothing is being done to address his perceived problem. Doc. 8 at 1. The Court concludes that the case currently before this court stems from the claims which were previously litigated against Defendant

Renshaw in *Daniels v. Piearcy, et al.*, 1:10-cv-00630 and this action is barred by *res judicata*.

### III. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be DISMISSED WITH PREJUDICE on grounds of *res judicata*; and
2. The Clerk of Court be DIRECTED to terminate this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 18, 2011

UNITED STATES MAGISTRATE JUDGE